## BERNSTEIN v. BISCAYNE VIEW CORPORATION.

(District Court, S. D. Florida.　November 15, 1926.)

### No. 456.

1. **Infants** ⏾31(1)—**Infancy at time of making purchase contract is available as defense, or basis for affirmative relief, on prompt disavowal on reaching majority.**

Infancy at time of making contract to purchase land may be pleaded as defense, or as ground for affirmative relief, if contract is promptly disavowed after reaching majority, and no act is done confirming it.

2. **Infants** ⏾31(2)—**Complainant, seeking to rescind on ground of infancy and disaffirmance, need not offer to do equity and place parties in statu quo.**

To rescind contract to purchase realty on ground of infancy and disaffirmance on reaching majority, complainant need not offer to do equity and place parties in statu quo.

3. **Equity** ⏾46—**Remedy must be plain and adequate, to oust chancery court of jurisdiction.**

To oust chancery court of jurisdiction, remedy must be plain, adequate, and full.

4. **Infants** ⏾31(1)—**Infant held entitled to sue in equity to rescind land contract, remedy at law being inadequate.**

Infant *held* entitled to sue in equity for rescission of contract to purchase land on ground of infancy; his remedy by action at law to recover his payment, or to wait until sued on obligation and then interpose plea of infancy, being inadequate.

5. **Pleading** ⏾8(7)—**Allegation in complaint stating complainant's right to avoid contract for infancy held allowable conclusion of law.**

In action to rescind land purchase, allegation in complaint stating complainant's right to rescind contract for infancy *held* allowable conclusion of law as applied to facts.

6. **Pleading** ⏾367(3)—**Allegation of complaint that on reaching maturity plaintiff elected to rescind contract and demanded return of payment held sufficient as against motion to make specific.**

In action to rescind land purchase on ground of plaintiff's infancy, allegation of complaint that promptly after reaching maturity plaintiff elected to rescind contract and demander return payment thereunder, stating amount, but that defendant failed to return money, *held* sufficient to enable defendant to answer, as against motion to make more specific; statement of time and place being unnecessary.

In Equity. Suit by Leo Bernstein against the Biscayne View Corporation. On defendant's motions to dismiss complaint, to transfer cause to law side of court, to strike out certain words in complaint, and to make complaint more specific. Motions denied.

Herbert U. Feibelman, of Miami, Fla., for complainant.

Snedigar, Miller, McKay & Baya, of Miami, Fla., for respondent.

CALL, District Judge. This cause comes on for hearing upon the several motions filed by the defendant. The bill of complaint seeks to rescind an agreement to purchase certain lands in Dade county, Fla., on the ground that the complainant was an infant at the time of entering into the contract and the payments made thereunder, and promptly after reaching his majority disavowed said contract.

The defendant's first motion is to dismiss because the necessary diversity of citizenship, nor the necessary amount in controversy, is not shown. As to the first ground, the bill alleges "residence" of the complainant,

not citizenship; but this was cured by a motion to amend made at the hearing and granted. As to the second ground, the bill shows the jurisdictional amount. This motion will therefore be denied.

[1-4] The next is a motion to dismiss the bill because the bill is without equity, the complainant has an adequate remedy at law, does not come in with clean hands, and that infancy is a matter of defense only. I do not think these grounds are sustained. Infancy at the time of making the contract may be pleaded either as a defense or made the ground for affirmative relief, if the contract is promptly disavowed after reaching his majority, and no act is done confirming it. Nor do I think in such cases that the infant must offer to do equity and place the parties in statu quo, as would be necessary in a case to rescind ordinarily. The equity in this case is to relieve the complainant of the contract and the terms thereof to be performed by him. This would not be accomplished, either by a suit to recover back the amount paid or by waiting to be sued upon his obligation and interposing the plea of infancy. To oust the chancery court of jurisdiction, the remedy must be plain, adequate, and full. This relief could not be obtained by the complainant in an action at law. This motion will be denied.

The next motion is to transfer the cause to the law side of the court. What I have said above, as to the motion to dismiss, disposes of this motion, and it will be denied.

[5] The next motion is to strike out of the bill certain words, stating the complainant's right to avoid the contract on account of his infancy. This states a conclusion of the law as applied to the facts pleaded, and this is allowed in pleading. This motion will be denied.

[6] The last motion is to make paragraph 5 of the bill more specific. This paragraph sets out that, promptly after reaching maturity, he elected to rescind the contract and demanded the return of the moneys paid thereunder, stating the amount, but that defendant failed to return said money. It seems to me that is a sufficient statement to enable the defendant to answer. I cannot see where the definite statement of time and place would assist the defendant in making its defense. And it is held by some courts that the bringing of the suit is a sufficient notice and demand. This motion will be denied.

An order may be prepared pursuant to this memorandum.